UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXI MENDEZ-GONZALEZ,

        Petitioner,

    v.

WARDEN, EVERGLADES
DETENTION FACILITY,
ATTORNEY GENERAL OF THE
UNITED STATES,

        Respondents.

Case No. 2:26-cv-1614-KCD-KRH

## **ORDER**

Petitioner Alexi Mendez-Gonzalez is a Cuban citizen with a final order of removal. (Doc. 4-1 at 2.)[1] He was recently detained by U.S. Immigration and Customs Enforcement ("ICE"). He now seeks a writ of habeas corpus under 28 U.S.C. § 2241. As best the Court can tell from the pro se petition, Mendez-Gonzalez argues that his clean supervision record precludes ICE from revoking his release. (Doc. 1 at 7-8.) This argument fails. He is subject to a final removal order that stands uncontested. The INA explicitly authorizes a return to detention to effectuate such orders. 8 C.F.R. § 241.13(i)(2). And the government no doubt has a legitimate interest in doing exactly that—enforcing its laws, ensuring individuals do not flee, and

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

protecting the public. *See Malam v. Adducci*, 469 F. Supp. 3d 767, 790 (E.D. Mich. 2020). Here, the Government revoked Mendez-Gonzalez's release specifically to enforce his outstanding removal order. Returning him to custody thus serves a recognized, legitimate government objective and was done in compliance with the INA.

Accordingly, the habeas petition (Doc. 1) is **DENIED.** The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on June 11, 2026.

Kyle C. Dudek
United States District Judge

2